Filed 4/20/22  P. v. Ward CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY D. WARD,<br><br>Defendant and Appellant. | C092831<br><br>(Super. Ct. No. 06F05635) |

In 2006, a jury found defendant Jeffrey D. Ward guilty of first degree murder.  It also found true the special circumstance the intentional murder was perpetrated by means of discharging a firearm from a motor vehicle intentionally at a person outside the vehicle with the intent to inflict death.  Defendant appeals the denial of his petition for resentencing pursuant to Penal Code section 1170.95.[1]  He contends the trial court erred by summarily denying his petition without issuing an order to show cause.  We affirm.

---

[1]  Unspecified statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

A. *Statement of Facts*

We summarize the relevant facts of this case from our prior opinion. (*People v. Ward* (Aug. 5, 2010, C060610) [nonpub. opn.] (*Ward*).)

Defendant participated in a drive-by shooting from a black Mercedes in which the murderer killed Serge Zubenko. No one saw who shot the victim and the witness testimony as to who was in the car and where the shot came from was varied. Evidence tied defendant to the gun prior to and after the shooting and showed he owned a black Mercedes. Further, defendant told a witness that night he may have shot someone and the victim got what he deserved.

At trial, the jury was not instructed on either the felony-murder rule or the natural and probable consequences theory. During deliberations, the jury asked three questions defendant contends are relevant for purposes of this appeal. First, they asked if they could convict defendant of first degree murder "if we believe he did not shoot the firearm, but did aid or abet?" Second, the jury asked, "Can we convict the defendant of second degree murder if we believe he did not shoot the firearm, but did aid or abet?" Third, referencing what is presumably CALCRIM No. 521, they asked: "There are two theories. Do they both have to be true? Or if I believe one of the theories is true, and another juror believes the other theory is true. I'm confused about the word 'and' in the second sentence." The trial court responded to these three questions by referring the jury back to the jury instructions generally and CALCRIM No. 521 specifically.

The jury found defendant guilty of first degree murder. (§ 187.) It found true the special circumstance allegation the murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person and persons outside of the vehicle with the intent to inflict death. (§ 190.2, subd. (a)(21).) The jury did not reach a verdict on whether defendant personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivisions (b), (c), and (d). The trial

court sentenced defendant to life without the possibility of parole. We affirmed the conviction on direct appeal. (*Ward, supra*, C060610.)

## B. *Petition for Resentencing Under Section 1170.95*

In 2019, defendant filed a petition under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) to have his murder conviction vacated and to be resentenced. Defendant's section 1170.95 petition declared he met the requirements for relief, specifically, that (1) the complaint, information, or indictment filed against him allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences doctrine; (2) he was convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of changes to sections 188 and 189, effective January 1, 2019. Defendant checked the boxes he was not the actual killer, he did not aid or abet the actual killer with the intent to kill, he was not a major participant or did not act with reckless indifference to human life, and the victim was not a peace officer. Defendant also requested the court appoint him counsel. The court appointed counsel for defendant and the parties briefed whether defendant had stated a prima facia case for relief under section 1170.95. Defendant attached the questions asked by the jury in his case identified above.

In ruling on the petition, the trial court examined our prior opinion, the jury instructions, and the jury's verdict in this case. The court concluded the record of conviction demonstrated the jury had not been instructed on the felony-murder rule, nor the natural and probable consequences theory. The trial court found on this basis defendant had not established a prima facie case. The court further rejected defendant's argument he was not the actual killer and found he was still liable for the murder after the passage of Senate Bill 1437. The trial court denied the petition.

3

DISCUSSION

Defendant argues the trial court erred by relying on the facts in the Court of Appeal opinion to find he failed to state a prima facie basis for entitlement to resentencing. The Attorney General responds that defendant's record of conviction demonstrates he is ineligible for relief under section 1170.95 as a matter of law. We agree with the Attorney General. We also reject defendant's request in his supplemental briefing to remand this case for further proceedings.

Senate Bill 1437, which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1, 2019, the legislation amended sections 188 and 189 and added section 1170.95.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."

4

Senate Bill 1437 also added former section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (Former § 1170.95, subd. (a).)[2]

Under former 1170.95, subdivision (c), the trial court must appoint defendant counsel if requested, take briefing from the parties, and then determine whether "the petitioner makes a prima facie showing that he or she is entitled to relief." (Former § 1170.95, subd. (c) (now § 1170.95, subds. (b)(3), (c); *People v. Lewis* (2021) 11 Cal.5th 952, 960-961 (*Lewis*).)  In performing this preliminary screening function, the court should accept the petitioner's allegations as true and "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 974.)

If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95,

---

[2]  As noted *post,* the Legislature further amended section 1170.95 in Senate Bill No. 775 (2021-2022 Reg. Sess.).  That amendment is not relevant to our discussion here and we therefore cite to the prior statute.

subdivision (a), then the trial court should issue an order to show cause. (§ 1170.95, subd. (c).)

Courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*Lewis, supra*, 11 Cal.5th at p. 970.) Thus, if the record of conviction establishes the petition lacks merit as a matter of law, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971.)

Based on *Lewis*, the superior court properly considered defendant's record of conviction, which includes the jury instructions given and the jury's verdict. That record of conviction demonstrates he is ineligible for resentencing under section 1170.95 as a matter of law.

Here, as noted above, there was some question at trial whether defendant was the shooter or an accomplice in this case and the jury's questions indicated their struggle on this subject. The jury was instructed: "The defendant is charged with the special circumstance of committing murder by shooting a firearm from a motor vehicle in violation of [section] 190.2[, subdivision] (a)(21). [¶] To prove that this special circumstance is true, the People must prove that: [¶] 1. The defendant or another principal shot a firearm from a motor vehicle killing Serge Zubenko; [¶] 2. The defendant or another principal intentionally shot at a person who was outside the vehicle; [¶] And [¶] 3. At the time of the shooting, the defendant intended to kill." The jury's finding this special circumstance was true found defendant intended to kill.

Ultimately, the jury found defendant guilty of murder and further found true the special circumstance alleged under section 190.2, subdivision (a)(21). As to the murder, the jury instructions given demonstrates the court did not instruct the jury on either felony murder or the natural and probable consequences doctrine. Thus, defendant could not have been convicted based on either of these theories and section 1170.95 has no application.

6

Further, in finding the special circumstances true, the jury necessarily found either defendant was either the actual killer who harbored an intent to kill or defendant was an aider and abettor who harbored an intent to kill.  (§ 190.2, subds. (a)(21), (b) & (c).)  Under either finding, defendant is guilty of murder under the amended law.  In enacting Senate Bill 1437, the Legislature changed the law only for persons who did not commit the actual killing.  (Stats. 2018, ch. 1015, § 1, subd. (f).)  Thus, as an actual killer, defendant does not come within the provisions of section 1170.95, subdivision (a).  (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, abrogated on another point in *Lewis, supra*, 11 Cal.5th at pp. 961-962; see also § 189, subd. (e)(1) [actual killer liability].)

If, instead, defendant was an aider and abettor of the murder, he is also ineligible for resentencing.  "Critically, the Legislature said that with the exception of the felony-murder rule, '[a] person's culpability for murder must be premised upon that person's *own actions and subjective mens rea.*' "  (*People v. Gentile* (2020) 10 Cal.5th 830, 847.)  In *Gentile,* our Supreme Court concluded Senate Bill 1437 does not eliminate aiding and abetting liability for murder for persons who aid and abet a murder where the aider and abettor has the mens rea of malice aforethought.  (*Gentile*, at p. 848; § 189, subd. (e)(2) [aider and abettor acting with an intent to kill liability].)  That malice "is express when there is a manifest intent to kill (§ 188, subd. (a)(1)."  (*Gentile*, at p. 844.)  Because the jury found defendant had the intent to kill, he remains ineligible for resentencing as a matter of law.

In his supplemental briefing, defendant argues the case should be remanded due to changes to section 1170.95 that become effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775).  Specifically, defendant argues under changes to section 1170.95, subdivision (d), the trial court could not rely on our prior appellate opinion other than for the procedural facts.  (Stats. 2021, ch. 551, § 2, subd. (d)(3).)  This change in section 1170.95 has no impact here.

7

Under Senate Bill 775, effective January 1, 2022, at the order to show cause hearing after the court has determined the defendant has established a prima facie entitlement to relief, a trial court may no longer look to prior appellate decisions beyond the procedural history recited in the opinion. (Stats. 2021, ch. 551, § 2, subd. (d)(3).) The Legislature's change in this regard makes sense given that the relevant facts recited in an appellate opinion are shaped by our standard of review and the issues raised by the appeal. As a result, the facts recited in the opinion may not provide a full picture of the underlying case and the trial court should base its ultimate determination on the underlying record of the case. (*Lewis, supra*, 11 Cal.5th at p. 972.)

This amendment is of no moment here. The trial court did not rely on our opinion in making its determination. Without regard to our prior opinion, the jury instructions and jury verdict demonstrate the jury was not instructed on the theory of felony murder or the natural and probable consequences theory. Further, as we explained *ante*, the special circumstance finding by the jury required the jury to find defendant was either the actual killer with the intent to kill or had the requisite intent to kill to sustain the first degree murder charge. Under either theory, he remains ineligible for resentencing as a matter of law.

Defendant also argues Senate Bill 775 makes the section 1170.95 petition process applicable to convictions based on any theory under which malice is imputed to a person based solely on that person's participation in a crime. By virtue of their verdict on the special circumstance allegation, the jury found defendant had malice. Malice was not imputed to him solely based on his participation in the crime.

Further, the amendment to section 1170.95 did not change the third requirement that defendant demonstrate he could not presently be convicted of murder because of changes to section 188 or 189. (Stats. 2021, ch. 551, § 2, subd. (a)(3).) As we have explained *ante*, as a matter of law, defendant cannot demonstrate a prima facie

entitlement to an order to show cause hearing because he could presently be convicted of murder under current law.

Nothing in the amendment to section 1170.95 in Senate Bill 775 requires further review of this case by the trial court.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

_____/s/_____
RAYE, P. J.

We concur:

_____/s/_____
HULL, J.

_____/s/_____
ROBIE, J.